**UNITED STATES of America,**
**Appellee,**

v.

**Dexter L. RODNEY, Defendant–**
**Appellant.**

**No. 04–2925–CR.**

United States Court of Appeals,
Second Circuit.

March 21, 2005.

Anthony L. Ricco (Karloff Commissiong and Stacey Marques Jackson, on the brief), New York, NY, for Appellant.

Daniel L. Stein, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York; Kevin R. Puvalowski, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Present: WALKER, Chief Judge, MESKILL, and JACOBS, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED** and **REMANDED.**

Defendant-appellant Dexter L. Rodney appeals from a judgment of conviction for bank fraud and theft of government property, entered on May 21, 2004, following a jury trial in the United States District Court for the Southern District of New York (Victor Marrero, *Judge*). Familiarity with the facts and procedural history is assumed.

On appeal, Rodney argues that the government, during its summation, misled the jury as to which party bore the burden of proof, and inappropriately impugned Rodney's credibility. Having reviewed the government's remarks in context, we find nothing so egregious or prejudicial as to constitute reversible error, especially in light of Rodney's failure to raise a timely objection. *See, e.g., United States v. Rahman,* 189 F.3d 88, 140 (2d Cir.1999) ("[D]efendants who contend that a prosecutor's remarks warrant reversal face a heavy burden, because the misconduct alleged must be so severe and significant as to result in the denial of their right to a fair trial." (internal quotation marks omitted)). We therefore affirm Rodney's conviction.

Rodney also contends that the sentence he received violated his Sixth Amendment

---

* For the same reasons, the district court properly denied Rennols's subsequent motion to reconsider.

rights because it was higher than the sentence he would have received based solely on the facts found by the jury at trial. Because the district court, in imposing Rodney's sentence, treated the federal Sentencing Guidelines as mandatory, we remand this case for further proceedings in conformity with *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005).

We have carefully considered Rodney's remaining arguments and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED** and **REMANDED**.